UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBASYS, L.L.C., et al.,

                                        Plaintiffs,

                                                        CIVIL CASE NO. 05-40043

v.

FMP RESISTANCE WELDING SUPPLY, INC.,        HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                                        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DECLARATION,
DENYING DEFENDANT'S MOTION TO DIMISS AND GRANTING DENFENDANT'S
MOTION TO TRANSFER**

        This is an action for a declaratory judgment.  Before the Court are Defendant's motion to

dismiss or, in the alternative, to transfer and Plaintiffs' motion for a declaration that this matter

should proceed to the exclusion of a subsequently-filed Ohio action.  For the following reasons, the

Court will grant Plaintiffs' motion for a declaration, deny Defendant's motion to dismiss, and grant

Defendant's motion to transfer.

I.        **Background**

        Plaintiff Cobasys, LLC, is a Michigan Limited Liability Company that manufactures nickel

metal hydride batteries.  Cobasys is a joint venture between Chevron Technology Ventures and

Energy Conversion Devices, Inc.  Cobasys was formerly known as Texaco Ovonic Battery Systems,

LLC.  In 2002, Cobasys began work with Plaintiff Innovative Machine Corporation ("IMC"), an

Alabama corporation, to manufacture nickel metal hydride batteries for use in hybrid automobiles.

IMC sought quotations from Defendant FMP Resistance Welding Supply, Inc. ("FMP"), a

Tennessee corporation, to manufacture a seam welding station for the project.  Due to seam welding

work FMP had previously performed for Cobasys—they had a business relationship dating back to 2001—FMP was selected to manufacture the welding station.

On September 26, 2002, FMP and IMC entered into a confidentiality agreement relating to prospective business activities. FMP had previously entered into a confidentiality agreement with Cobasys on June 18, 2002. FMP was eventually chosen to manufacture a seam welding station for use with the project, and IMC ordered the welder from FMP on November 12, 2002.

In 2003, Cobasys built a factory in Springboro, Ohio to manufacture batteries. The factory used the seam welding station built by FMP. Cobasys also contracted with IMC to build an additional seam welding station for the factory, and the two entered into a confidentiality agreement for this purpose. On December 22, 2003, IMC ordered another seam welder from FMP.

 In August, 2004, Cobasys requested a quotation from IMC for the construction of additional welding stations at the Ohio factory. IMC, in turn, requested that FMP and Plaintiff Taylor-Winfield ("TW"), an Ohio corporation, submit quotations for the work. TW was selected to manufacture the additional seam welding stations.

After learning that TW was awarded the contract to manufacture the additional welding stations, and believing that TW could not have made an informed quotation without IMC revealing FMP's research and development to TW, FMP sent IMC a cease and desist letter, dated December 12, 2004, asserting that IMC misappropriated FMP's trade secrets, breached the confidentiality agreement, and was involved in unfair business practices. FMP demanded that IMC stop the use and disclosure of FMP's protected information, retrieve such information from parties to whom it was disclosed, and pay FMP a royalty payment of $750,000.00. FMP stated that it did not desire litigation, but if litigation was necessary, then it would demand various damages provided by law.

FMP sent a similar cease and desist letter to Cobasys dated January 10, 2005.  On February 23, 2005, FMP sent a letter to TW informing it that it may be using FMP's confidential trade secrets

Cobasys filed a declaratory action in this Court on February 4, 2005 seeking a declaration that it did not 1) breach any confidentiality agreement with FMP; 2) misappropriate any of FMP's trade secrets; and 3) infringe any of FMP's copyrights.  FMP was not aware of this action because Cobasys did not immediately serve FMP with the complaint and summons.  FMP filed an action in the Southern District of Ohio on April 25, 2005 against Cobasys, IMC, and TW alleging that the three 1) misappropriated FMP's trade secrets; 2) either breached, or interfered with confidentiality agreements; and 3) engaged in unfair trade practices.  The complaint sought a preliminary and permanent injunction and money damages.  FMP filed a motion for a preliminary injunction as well.

On the same day FMP filed its action in the Southern District of Ohio, it sent a notice of lawsuit, a request for waiver of service of summons, and a copy of the initial pleadings to Cobasys' statutory agent.  After Cobasys received these items, it hand-delivered a copy of its complaint to FMP's office in Tennessee.  IMC and TW then joined in the declaratory action as plaintiffs in this Court through the first amended complaint filed on May 16, 2005.

## II.    Argument

FMP maintains that the action against it in this Court should be dismissed for improper venue because this Court lacks personal jurisdiction.  In the alternative, FMP maintains that the action should be transferred to the Southern District of Ohio, pursuant to 28 U.S.C. § 1404, because the Southern District of Ohio is a more convenient forum and because Cobasys filed its declaratory action in this Court for procedural fencing purposes.  Plaintiffs, however, seek a declaration that the declaratory action against FMP in this Court should proceed to the exclusion of FMP's Ohio action.

3

A.      **Plaintiffs' Motion for Declaration.**

Plaintiffs rely on the first-to-file rule, long recognized by the Supreme Court, whereby "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. M'Iver*, 22 U.S. 532, 535 (1824).  The Sixth Circuit has stated:

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984). The Sixth Circuit has referenced the rule without discussing it by name, *see In re American Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996); *Barber-Greene v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957), while other circuits have explicitly applied it. *See, e.g., First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638 (8th Cir. 1995); *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988); *In re Burley*, 738 F.2d at 981.

> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. *See, e.g., Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) ("The mere fact that [plaintiff] filed its declaratory judgment action first does not give it a 'right' to choose a forum. This circuit has never adhered to a rigid 'first to file' rule. We decline [Plaintiff's] invitation... to adopt such a rule here.") (internal citations omitted)). Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *University of Pennsylvania*, 850 F.2d at 972.

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (unpublished).  "Although courts should not apply the first-to-file rule too rigidly or mechanically, the rule's importance 'should not be disregarded lightly.'  Notably, 'the most basic aspect of the first to file rule is that it is discretionary.'  'The decision and the discretion belong to the district court.'" *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (citations and footnotes omitted).  When considering whether to exercise its discretion to hear a declaratory

4

judgment action, which required a consideration of whether the action was "being used merely for the purpose of 'procedural fencing,'" another court in this District has held:

> Absent special circumstances, when there are two competing lawsuits, the first filed has priority. This is true even if the first action is a declaratory action. "Exceptions, however, are not rare, and are made when justice or expediency requires." For example, a suit brought purely in anticipation of a filing by the defendant in another forum should be dismissed.
>
> Many courts have dismissed an earlier-filed declaratory action where a later-filed trademark infringement is pending in another district, where litigation has yet to proceed in either court, and where settlement negotiations were in progress. . . .
>
> But courts have refused to dismiss a declaratory action where the defendant sent the plaintiff a cease-and-desist letter and no settlement negotiations had taken place, or where the plaintiff filed the declaratory action justifiably believing that further settlement negotiations would be fruitless.

*Kmart Corp. v. Key Indus.*, 877 F. Supp. 1048, 1053 (E.D. Mich. 1994) (citations omitted).

Plaintiffs argue that the first-to-file rule should be adhered to in this case because there are no special circumstances which warrant otherwise. Specifically, Plaintiffs argue that this action is not a bad faith anticipatory filing because there was no specific threat of imminent litigation. *See Transatlantic Reinsurance Co. v. Continental Insurance Co.*, 2003 U.S. Dist LEXIS 20933 at *7 (S.D.N.Y. 2003); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Plaintiffs rely on the fact that FMP's cease and desist letters stated that FMP "does not desire litigation," and FMP never stated affirmatively that it was going to file suit. Plaintiffs also point to an unpublished case from the Eastern District of Tennessee that held:

> The mere fact that [the plaintiff] filed its suit first in the Eastern District of Michigan does not constitute forum shopping or an anticipatory lawsuit. [The plaintiff] is a Michigan corporation and it has a valid reason for instituting a declaratory judgment action against [the defendant] in the Eastern District of Michigan after receiving a demand letter from an attorney representing [the defendant]. There is no probative proof of bad faith or other inequitable conduct on the part of [the plaintiff]. In sum,

there are no equitable reasons here that would justify dispensing with the first-to-file rule. The Court bears in mind that although the first-to file rule is discretionary and should not be applied too rigidly, it must not be "disregarded lightly."

*Plantronics, Inc. v. Clarity, LLC*, 2002 U.S. Dist. LEXIS 26796, at *8-9 (E.D. Tenn. 2002). According to Plaintiffs, Cobasys's valid reason for instituting a declaratory action in this District is that it "became concerned that FMP's allegations could lead to delays of the construction at Cobasys'[s] Springboro, Ohio facility." Pl. Brief, at 4. Michigan is Cobasys's home state and FMP's threatened litigation concerned Cobasys's core business.

FMP counters that if Cobasys was so concerned it would not have waited over two months to serve FMP with the complaint. According to FMP, this delay is indicative of procedural fencing, or forum shopping. Plaintiffs reply that the delay was well within the time allow by the Federal Rules and that the first-to-file rule relies on the date the complaint was filed, not served. *See* Fed. R. Civ. P. 4(m); *Barber-Greene*, 239 F.2d at 778 (6th Cir. 1957) ("'When the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated as authorized to proceed with the cause. The confusion and uncertainty are thus avoided which might otherwise result from the attempt to determine priority of service of process in the two suits.'")(quoting *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189 (1935)). Plaintiffs state that it delayed out of a hope of resolution. Plaintiffs also argue that FMP is not innocent of delay, for it delayed for four months between its threat letter and filing the Ohio action, effectively allowing Plaintiffs to ramp up production, thereby increasing the potential damages.

After considering the parties' arguments, the Court concludes that Cobasys has valid reasons for filing a declaratory action in this District, namely that Cobasys is a Michigan corporation and

FMP's threatened litigation could have a substantial impact on Cobasys's business. Cobasys's delay in serving FMP is not significant enough to warrant a finding of bad faith, inasmuch as Fed. R. Civ. P. 4(m) permits it. Therefore, the Court will grant Plaintiffs' motion for a declaration that this action should proceed to the exclusion of FMP's Ohio action and exercise its discretion by applying the first-to-file rule.

**B.    FMP's Motion to Dismiss.**

FMP seeks to have this action dismissed on the ground that it is not the proper forum because the Court lacks personal jurisdiction over FMP. 28 U.S.C. § 1391, the venue statute, provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

> (c) For purposes of venue under this chapter [28 USCS §§ 1391 et seq.], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1931. Focusing solely on § 1391(a), FMP argues that it this District is not the proper venue because § 1391(a) (1)-(3) are not met. With regard to § 1391(a)(3), which allows venue in diversity actions in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, FMP claims it is not subject to personal jurisdiction in this District.

Plaintiffs point to § 1391(b)(1), which allows venue for actions not based solely on diversity in a judicial district where any defendant resides, and §1391(c), which deems a corporation to reside in any judicial district in which it is subject to personal jurisdiction. Because Plaintiffs' complaint seeks a declaration that they have not infringed FMP's copyrighted information, a federal question, Plaintiffs accordingly argue that venue is proper in this District.

At the hearing held on the matter, FMP stipulated that it would not bring a copyright infringement claim. Nevertheless, the Court has concerns about the enforceability of the stipulation in the Ohio action. These concerns, and the fact that Plaintiffs have not withdrawn their copyright declaration claim, leaves a federal question present in this lawsuit. Moreover, even if this action presents no federal question, since all the defendants, i.e., FMP, reside in the same state, this action could have been brought in any judicial district where FMP resides, or, rather, where it is subject to personal jurisdiction. 28 U.S.C. § 1391(a)(1) & (c). Therefore, this action was appropriately commenced in this District, if FMP is subject to personal jurisdiction in this District.

The plaintiff bears the burden of establishing in personam jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To satisfy this burden, "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction." *Id*. (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). Where the jurisdictional issue is to be decided without an evidentiary hearing and solely on the basis of written materials, the plaintiff is only required to make a prima facie showing of jurisdiction. *Theunissen*, 935 F.2d at 1458. The pleadings are considered in a light most favorable to the plaintiff and the court does not weigh controverting assertions of the party seeking dismissal. *Id*. at 1459.

To determine whether a defendant is subject to personal jurisdiction a federal court must look

8

to the law of the forum state in which it resides.  *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721

(6th Cir. 2000).  Normally, this would require a two-part analysis, i.e., that the exercise of personal

jurisdiction is consistent with the requirements of due process under the Fourteenth Amendment and

that the defendant falls within the reach of Michigan's long-arm statute.  *See Jeffrey v. Rapid*

*American Corp.*, 448 Mich. 178 (1995).  However, "Michigan's long-arm statute has been construed

by the Sixth Circuit to extend the scope of personal jurisdiction to that permitted by the due process

clause of the Fourteenth Amendment."  *CMS Generation Co. v. Spectrum Techs. U.S.A.*, 69 F. Supp.

2d 915, 919 (E.D. Mich. 1999) (citing *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1298 (6th

Cir. 1989)).  In states where the long-arm statute is congruent to the personal jurisdiction permitted

under due process, the two parts of the analysis merge into one: whether the defendant has sufficient

minimum contacts with Michigan to meet the due process concerns inherent in personal jurisdiction.

*Id.; see also Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1179 (6th Cir. 1975).

> Personal jurisdiction is comprised of two varieties:
>
> In analyzing the due-process limits of personal jurisdiction, a distinction is made
> between "general" jurisdiction and "specific" jurisdiction.  In  a case of general
> jurisdiction, a defendant's contacts with the forum state are of such a "continuous
> and systematic" nature that the state may exercise personal jurisdiction over the
> defendant even if the action is unrelated to the defendant's contacts with the state.
> In a specific jurisdiction case, "a State exercises personal jurisdiction over a
> defendant in a suit arising out of or related to the defendant's contacts with the
> forum."

*Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citations omitted).

To  determine whether a defendant has sufficient minimum contacts for specific jurisdiction, the

Court must examine three criteria:

> First, the defendant must purposefully avail himself of the privilege of acting in the
> forum state or causing a consequence in the forum state. Second, the cause of action
> must arise from the defendant's activities there. Finally, the acts of the defendant or

9

> consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

LAK, 885 F.2d at 1299 (quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

FMP has sufficient contacts with Michigan such that the exercise of specific personal jurisdiction comports with due process. First, FMP purposely availed itself of the privilege of acting in Michigan. It solicited business, conducted business, and entered into a confidentiality agreement with Cobasys in Michigan; then it threatened Cobasys with litigation, alleging that Cobasys had misappropriated trade secrets, breached the confidentiality agreement and infringed copyrights. Second, the declaratory cause of action arose out of FMP's threat of litigation. Finally, these activities have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable, namely, FMP's litigation threatens to compromise the core business of a Michigan corporation.

Furthermore, it is arguable that FMP has sufficient contacts with Michigan for general jurisdiction. FMP has conducted business with Cobasys in the past, its representatives have traveled to Michigan to solicit business from Cobasys, it has agreed to be bound by Michigan law in previous dealings with Cobasys, and it has contacted Cobasys in Michigan to discuss business and provide bids. Cobasys's records show that a significant part of FMP's business comes from Cobasys.

The Court concludes that it does not lack personal jurisdiction over FMP, and, consequently, the action was appropriately brought in this district and venue is proper. Therefore, the Court will deny FMP's motion to dismiss for improper venue.

**C.    FMP's motion to transfer.**

Finally, FMP argues that the Court should transfer this action to the Southern District of Ohio as a more convenient venue if it does not outright dismiss the action. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This Court has previously held:

> To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. *International Show Car Ass'n v. ASCAP*, 806 F. Supp. 1308, 1310; *In re Crash Disaster at Detroit Metropolitan Airport*, 737 F. Supp. 391, 393 (E.D. Mich. 1989). In deciding a section 1404(a) motion, the court must consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. *ASCAP*, 806 F. Supp. at 1310. District courts have more discretion to transfer under section 1404(a) than was previously allowed under the doctrine of forum non conveniens. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981).

*Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994) (Gadola, J.). It is clear that this action could have been brought in Ohio; the question remains whether a transfer is in the interests of justice and whether it would be in the convenience of the parties and witness.

FMP argues that the production facility which contains the seam welders is in Ohio; the plans and instructions are at this facility; Cobasys's witnesses are located at that facility; expert witnesses will need to examine the evidence at this facility; Plaintiff TW is incorporated in Ohio and has its principal place of business in Ohio; and another company, Percision Industrial Automation, that was instrumental in providing parts to TW is located in Ohio. FMP also argues that there is a likelihood that additional witness, not known to FMP at this time, are located in Ohio. Federal courts have considered convenience of the witnesses to be "probably the most important factor, and the factor

11

most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." *McNic Oil & Gas Co. v. Ibex Resources Co.*, 23 F. Supp. 2d 729, 737 (E.D. Mich. 1998) (Gadola, J.) (citing Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3851).

Plaintiffs, however, list various witnesses who are from Michigan and other witnesses that are likely to testify at trial who are also from Michigan. Plaintiffs state that some of their key witnesses are third party entities which have no duty to participate in this action, and that TW is actually geographically closer to Detroit, than to Cincinnati, the location of the Southern District of Ohio. Nevertheless, this action has been assigned to this Court in Flint, Michigan, not Detroit, and the availability of process to compel attendance of unwilling witnesses is a consideration. FMP, in addition, claims that Cobasys's witnesses that are located in Michigan have little, if any, first-hand knowledge of the facts and evidence of the case and those witnesses with the most knowledge are located in Ohio. Plaintiffs rely primarily on the claim that FMP has failed to carry its burden of showing that Ohio is a more appropriate forum by specifying the witnesses and evidence located in the transferee district. *See Pilates, Inc. v. Pilates Inst.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995). In response, FMP has provided the declaration of its president which outlines the witnesses, documents, and evidence that are located in Ohio.

The Court is aware of the weight it must give Plaintiffs' choice of forum, but it is also aware of its broad discretion to grant or deny a transfer. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (Gadola, J.). An analysis of the applicable factors, with due consideration given to the location of the sources of proof and the expense involved, leaves the Court with the conclusion that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). Therefore, the

Court will grant FMP's motion to transfer.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for declaration [docket entry 11] is **GRANTED**, and Defendant's motion to dismiss or transfer [docket entry 10] is **DENIED** with respect to its request to dismiss for improper venue and **GRANTED** with respect to its request to transfer to a more convenient forum.

**IT IS FURTHER ORDERED** that this action shall proceed first in relation to Defendant's subsequently filed Ohio action, in accordance with the first-to-file rule.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the Southern District of Ohio.

**SO ORDERED.**

Dated:   March 31, 2006                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Dean W. Amburn; Michael G. Marando; C. Douglas Moran; William A. Sankbeil; George T. Schooff; Michael A. Sneyd                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845

13